Theo C. RICHARDSON, Appellant,

v.

The STATE of Texas, State.

Nos. 2–04–428–CR, 2–04–429–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 12, 2004.

Terry M. Casey, Fort Worth, TX, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, Assistant Criminal District Attorney, Chief of the Appellate Section, Fort Worth, TX, for Appellee.

PANEL D: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

**OPINION**

PER CURIAM.

Theo C. Richardson is attempting to appeal from his convictions for possession or transport of certain chemicals with intent to manufacture methamphetamine. We will dismiss the appeals.

We notified appellant that his appeals were subject to dismissal based on the trial court's certification that these are plea-bargain cases and appellant has no right of appeal. In response, appellant asserts that the trial court never acquired jurisdiction over his cases because the indictments failed to state an offense.

The court of criminal appeals has held that a plea-bargaining defendant cannot appeal a jurisdictional issue unless, in accordance with appellate rule 25.2(a)(2), the appellant raised the issue in the trial court by written pretrial motion and obtained a pretrial ruling or the appellant obtained the trial court's permission to appeal. *Griffin v. State*, 145 S.W.3d 645, 647–648 (Tex.Crim.App. 2004); *see also* TEX.R.APP. P. 25.2(a)(2). Appellant does not contend that he did either of these things. Therefore, we dismiss the appeals. *See Griffin*, 145 S.W.3d at 648–649.

DAUPHINOT, J. concurs without opinion.