Trey Logan **DAVIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 10–06–00129–CR, 10–06–00144–CR.

Court of Appeals of Texas, Waco.

Aug. 30, 2006.

Trey Logan Davis, Snyder, pro se.

Bill R. Turner, Brazos County Dist. Atty., Bryan, for appellee.

---

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

PER CURIAM.

Trey Logan Davis appeals his plea-bargained convictions of robbery and burglary of a habitation. In each case, Davis and his attorney signed a plea agreement providing for a twenty-year sentence for each offense, with credit for time served, with the sentences to be served consecutively, and with the State agreeing not to protest parole. The trial court sentenced Davis in accordance with the plea agreements. In each case, Davis also signed a waiver of his right to appeal in the event the trial court accepted his plea bargain, and the waivers further state that if the trial court accepted the plea bargain agreement, Davis could appeal only with the trial court's permission. The trial court's certification regarding Davis's right of appeal in each case states that "this criminal case is a plea-bargain case, and the defendant has NO right to appeal."

We notified Davis that his appeals would be dismissed unless we received certifications showing a right to appeal or he showed other grounds for continuing his appeals. As a response, Davis filed amended notices of appeal asserting that he is appealing a claim of ineffective assistance of counsel that allegedly caused him to enter into the plea agreements. He specifically alleges that counsel failed to advise him on sentence cumulation and the consecutive-sentence condition in the plea agreements. He also alleges that he entered the plea agreement while under duress due to the denial of medical care for a broken arm. In support of his right to appeal, Davis relies on *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex.Crim.App.2001) (defendant on deferred adjudication who was deprived of separate punishment hearing after adjudication of guilt could challenge process by which he was sentenced because it was an issue unrelated to his conviction), and *Kirtley v. State*, 56 S.W.3d 48, 51–52 (Tex.Crim.App.2001) (defendant on deferred adjudication who was adjudicated guilty could appeal claim that counsel was ineffective in the punishment hearing after adjudication because it was an issue unrelated to a claim regarding the propriety of the conviction). Davis, however, is appealing the propriety of his convictions, so *Vidaurri* and *Kirtley* are not applicable.

If the record does not demonstrate that Davis seeks to appeal pretrial rulings or that he has obtained the trial court's permission to appeal, he has no right to appeal from a plea bargain case, and we must dismiss his appeals under Texas Rule of Appellate Procedure 25.2. *Chavez v. State*, 183 S.W.3d 675, 680 (Tex.Crim.App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal. Here, appellant had no right of appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2). In such circumstances, no inquiry into even possibly meritorious claims may be made."); *see Marsh v. State*, 2006 WL 1280946 (Tex.App.-Waco May 10, 2006, no pet.).

Davis has no right of appeal. We dismiss both appeals. *See* Tex.R.App. P. 25.2(a)(2), (d); *Chavez*, 183 S.W.3d at 680; *Marsh v. State*, 2006 WL 1280946.