COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-06-459-CR

 

 

FELIPE G. GOBEA                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Felipe G. Gobea
attempts to appeal from his conviction on his plea of guilty for engaging in
organized criminal activityCaggravated assault with a deadly weapon.  In four issues, he argues that his plea was
involuntary because he received ineffective assistance of counsel and that the
trial court erred by amending the indictment. 
We dismiss the appeal.








                                            Background

A grand jury indicted
Appellant for capital murder, and the State waived the death penalty.  Appellant retained counsel.  Under a plea bargain agreement, Appellant
pleaded guilty to the offense of engaging in organized criminal activity, and
the trial court sentenced him to twenty-five years= incarceration.  Appellant
signed written plea admonishments in which he acknowledged that he had no right
to appeal without the trial court=s permission and stated that he did not object to the amendment of the
indictment, that his attorney provided fully effective and competent
representation, and that he was totally satisfied with such
representation.  On the date of judgment,
the trial court certified that this case A[i]s a plea bargain case, and the Defendant has NO right of
appeal.@  








Appellant retained new
counsel and filed a timely motion for new trial, arguing, among other things,
that his former retained counsel rendered ineffective assistance.  The trial court held a hearing on the motion,
and Appellant testified at the hearing. 
He testified his former counsel appeared nervous, disorganized, and
unready for trial and wrongly told him the jury would Ahang@ or Afry@ him,
meaning he would receive the death penalty, if he did not accept the plea
agreement.  The trial court denied the
motion for new trial, and Appellant filed a notice of appeal.  The trial court then signed another certification
of Appellant=s right to
appeal, this time check-marking a box to indicate that this Ais a plea-bargain case, but matters were raised by written motion
filed and ruled on before trial and not withdrawn or waived, and the defendant
has the right of appeal.@[2]  Significantly, the trial court
did not place a check mark in the box to indicate this Ais a plea bargain case, but the trial court has given permission to
appeal, and the defendant has the right of appeal.@ 

                                             Discussion








In a plea bargain case where
punishment does not exceed the punishment recommended by the prosecutor and
agreed to by the defendant, a defendant may appeal only (A) those matters
raised by written motion filed and ruled on before trial or (B) after getting
the trial court=s permission
to appeal.  Tex. R. App. P. 25.2(a)(2); Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006); Davis v. State, 205 S.W.3d 606,
607 (Tex. App.CWaco 2006,
no pet.) (holding complaints of ineffective assistance and involuntary plea
must be dismissed where trial court did not grant permission to appeal).  A court of appeals, while having jurisdiction
to ascertain whether an appellant who plea‑bargained is permitted to
appeal by rule 25.2(a)(2), must dismiss a prohibited appeal without further
action, regardless of the basis for the appeal; in such circumstances, no
inquiry into even possibly meritorious claims may be made.  Chavez, 183 S.W.3d at 680.

In this case, Appellant
pleaded guilty, and the sentence imposed by the trial court did not exceed the
punishment recommended by the prosecutor and agreed to by Appellant.  The trial court did not grant Appellant
permission to appeal under rule 25.2(a)(2)(B). 
Therefore, Appellant=s right to appeal is limited to matters that were raised by written
motion filed and ruled on before trial. 
None of Appellant=s four
issues on appeal concern such a motion, nor does the record contain any such
motion.  Therefore, we dismiss his
appeal.  See Tex. R. App. P. 25.2(a)(2), 43.2(f); Chavez,
183 S.W.3d at 680; Davis, 205 S.W.3d at 607.

PER CURIAM

 

PANEL F:    GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2007











[1]See Tex. R. App. P. 47.4.





[2]The
record does not contain any pretrial motions filed by Appellant.  Appellant does not challenge the correctness
of the trial court=s
certification, so we need not address this discrepancy.  See Tex.
R. App. P. 47.1.