COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-06-459-CR

FELIPE G. GOBEA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Felipe G. Gobea attempts to appeal from his conviction on his plea of guilty for engaging in organized criminal activity—aggravated assault with a deadly weapon.  In four issues, he argues that his plea was involuntary because he received ineffective assistance of counsel and that the trial court erred by amending the indictment.  We dismiss the appeal.

Background

A grand jury indicted Appellant for capital murder, and the State waived the death penalty.  Appellant retained counsel.  Under a plea bargain agreement, Appellant pleaded guilty to the offense of engaging in organized criminal activity, and the trial court sentenced him to twenty-five years’ incarceration.  Appellant signed written plea admonishments in which he acknowledged that he had no right to appeal without the trial court’s permission and stated that he did not object to the amendment of the indictment, that his attorney provided fully effective and competent representation, and that he was totally satisfied with such representation.  On the date of judgment, the trial court certified that this case “[i]s a plea bargain case, and the Defendant has 
NO
 right of appeal.”  

Appellant retained new counsel and filed a timely motion for new trial, arguing, among other things, that his former retained counsel rendered ineffective assistance.  The trial court held a hearing on the motion, and Appellant testified at the hearing.  He testified his former counsel appeared nervous, disorganized, and unready for trial and wrongly told him the jury would “hang” or “fry” him, meaning he would receive the death penalty, if he did not accept the plea agreement.  The trial court denied the motion for new trial, and Appellant filed a notice of appeal.  The trial court then signed another certification of Appellant’s right to appeal, this time check-marking a box to indicate that this “is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal.”
(footnote: 2)  Significantly, the trial court did not place a check mark in the box to indicate this “is a plea bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal.” 

Discussion

In a plea bargain case where punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a defendant may appeal only (A) those matters raised by written motion filed and ruled on before trial or (B) after getting the trial court’s permission to appeal.  
Tex. R. App. P.
 25.2(a)(2); 
Chavez v. State
, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); 
Davis v. State
, 205 S.W.3d 606, 607 (Tex. App.—Waco 2006, no pet.) (holding complaints of ineffective assistance and involuntary plea must be dismissed where trial court did not grant permission to appeal).  A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal; in such circumstances, no inquiry into even possibly meritorious claims may be made.  
Chavez
, 183 S.W.3d at 680.

In this case, Appellant pleaded guilty, and the sentence imposed by the trial court did not exceed the punishment recommended by the prosecutor and agreed to by Appellant.  The trial court did not grant Appellant permission to appeal under rule 25.2(a)(2)(B).  Therefore, Appellant’s right to appeal is limited to matters that were raised by written motion filed and ruled on before trial.  None of Appellant’s four issues on appeal concern such a motion, nor does the record contain any such motion.  Therefore, we dismiss his appeal.  
See
 
Tex. R. App. P.
 25.2(a)(2), 43.2(f); 
Chavez
, 183 S.W.3d at 680; 
Davis
, 205 S.W.3d at 607
.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  August 31, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
The record does not contain any pretrial motions filed by Appellant.  Appellant does not challenge the correctness of the trial court’s certification, so we need not address this discrepancy.  
See
 
Tex. R. App. P.
 47.1.