Opinion issued October 19, 2007 


 
















In The

Court of Appeals

For The

First District of Texas

____________


NOS. 01-06-00644-CR 

 01-06-00675-CR

____________


THOMAS NATHAN TERRELL, Appellant


V.


THE STATE OF TEXAS, Appellee







On Appeal from the 179th District Court 

Harris County, Texas

Trial Court Cause Nos. 1007476 and 1007477






O P I N I O N

 Appellant, Thomas Nathan Terrell, appeals from the trial court's judgment in 
trial court cause number 1007476, which is appellate cause number 01-06-00644-CR,
convicting him for aggravated sexual assault. Appellant also appeals from the trial
court's judgment in trial court cause number 1007477, which is appellate cause
number 01-06-00675-CR, convicting him for indecency with a child. Appellant
pleaded guilty to these offenses, and, in accordance with plea agreements entered into
with the State, the trial court sentenced him to 35 years in prison for aggravated
sexual assault and 20 years in prison for indecency with a child. The trial court's
certifications state that the cases are plea-bargain cases for which the defendant has
no right of appeal. In each case, appellant filed a pro se notice of appeal. The trial
court appointed appellate counsel for appellant. Appellant's counsel on appeal has
filed an Anders brief. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Certification of Right to Appeal

 Effective January 2003, Texas Rule of Appellate Procedure 25.2(a)(2) requires
that trial courts certify defendants' right of appeal. Tex. R. App. P. 25.2(a);
Hargesheimer v. State, 182 S.W.3d 906, 911 (Tex. Crim. App. 2006). Rule 25.2(a)(2)
states, 

 A defendant in a criminal case has the right of appeal . . . . The trial
court shall enter a certification of the defendant's right of appeal each
time it enters a judgment of guilt or other appealable order. In a plea
bargain case--that is, a case in which a defendant's plea was
guilty . . . and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant--a
defendant may appeal only:


 (A) those matters that were raised by written
motion filed and ruled on before trial, or


 (B) after getting the trial court's permission to
appeal. 

 

Tex. R. App. P. 25.2(a)(2). An appeal must be dismissed if no certification is made
part of the record. Tex. R. App. P. 25.2 (a)(2)(d). 

 An appellate court that has an appellate record is "obligated to review that
record in ascertaining whether the certifications were defective." Dears v. State, 154
S.W.3d 610, 615 (Tex. Crim. App. 2005). A certification is defective if it is correct
in form but, "when compared with the record before the court, proves to be
inaccurate." Id. at 614. When the record is incomplete, the appellate court should
review "whatever record does exist that indicates that an appellant has the right to
appeal." Greenwell v. Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d
645, 649 (Tex. Crim. App. 2005).

Certification is Correct

 Appellant pleaded guilty to the offenses under agreements with the State that
he receive certain punishments. After the trial court sentenced appellant to
punishments that fell within the terms of the plea agreements, the trial court certified
that these are plea-bargain cases and the defendant has no right of appeal. No written
pretrial motions were ruled on by the trial court, nor did the trial court give its
permission for appellant to appeal. We conclude that the certifications of the right of
appeal filed by the trial court are supported by the record and that appellant has no
right of appeal due to the agreed plea bargains. Tex. R. App. P. 25.2(a). Accordingly,
we must dismiss the appeal "without further action." Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006).

Advance Notice of Intent to Dismiss

 In similar circumstances, some intermediate courts of appeal have given
appellants advance notice of their intent to dismiss the appeals. See Davis v. State,
205 S.W.3d 606, 607 (Tex. App.--Waco 2006, no pet.) (dismissing appeal after
defendant had opportunity to show grounds for appeal but defendant failed to do so);
Richardson v. State, 151 S.W.3d 710 (Tex. App.--Fort Worth 2004, no pet.) (same);
Stowe v. State, 124 S.W.3d 228, 232 (Tex. App.--El Paso 2003, no pet.) (holding that
court of appeals had authority to notify defendant of intent to dismiss appeal to allow
reasonable opportunity to correct certification error).

 Generally, the Rules of Appellate Procedure provide that appellate courts should
allow reasonable time to correct or amend "formal defects or irregularities in appellate
procedure" before dismissing an appeal. See Tex. R. App. P. 44.3; Harris v. State, 137
S.W.3d 829, 830 (Tex. App.--Waco 2004, no pet.). The rules also require appellate
courts to direct trial courts to correct any "erroneous action" committed by the trial
courts that prevents the proper presentation of a case to the court of appeals. Tex. R.
App. P. 44.4. Here, Rules 44.3 and 44.4 are inapplicable because the record reveals
no erroneous action by the trial court and no "formal defects or irregularities in
appellate procedure." See Tex. R. App. P. 44.3, 44,4; cf. Few v. State, 230 S.W.3d
184, 190 (Tex. Crim. App. 2007) (requiring advance notice to defendant of intent to
dismiss appeal due to clerical error in defendant's notice of appeal); Estrada v. State,
149 S.W.3d 280, 282 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd) (stating, when
record showed certification was defective, "[W]e issued an order notifying the parties
that the appeal would be dismissed unless an amended certification, reflecting that
appellant had the right of appeal, was made part of the appellate record . . . ."). 

 There is no defect to correct because the certification conforms to the record and
the trial court opted against giving appellant permission to appeal. See Tex. R. App.
P. 44.3; 25.2(a)(2)(B). In Chavez, the Court of Criminal Appeals explained that, " a
court of appeals, while having jurisdiction to ascertain whether an appellant who
plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited
appeal without further action, regardless of the basis for the appeal." Chavez, 183
S.W.2d at 680; see also Greenwell, 159 S.W.3d at 649 (explaining purpose of
certification requirements is to resolve cases that have no right of appeal quickly
without the expense of appointing appellate counsel, preparing reporter's record or
preparing appellate brief). 

The Anders Brief

 We have determined that the record shows that appellant has no right of appeal. 
However, the trial court appointed appellate counsel, who has filed an Anders brief in
this appeal. The Anders brief raises a possible argument regarding voluntariness, but
concludes that the argument is without merit. Other than jurisdictional claims in the
Anders brief, we may not address the merits of any claims asserted by appellant, once
we determine that appellant has no right of appeal. See Chavez, 183 S.W.3d at 680.

 In Chavez, the trial court certified that the cases were plea-bargained cases and
that Chavez had no right of appeal. Id. The trial court, however, appointed appellate
counsel, who, on appeal, filed an Anders brief, which stated that after having diligently
searched the record and researched the law, Chavez's appeals were, in his professional
opinion, without merit and frivolous. Id. at 676. The intermediate court of appeals
dismissed Chavez's appeal, but only after it reviewed the Anders brief and Chavez's
pro se brief in which he contended that he was coerced into waiving his constitutional
rights to have a trial by jury. Id. at 676-77. The Court of Criminal Appeals held that
the intermediate court properly dismissed the case but erred by considering the merits
of the appeal. Id. at 680. The Court of Criminal Appeals stated, 

 Here, appellant had no right of appeal because he was sentenced pursuant
to the agreed terms of a plea bargain and did not satisfy either of the
exceptions stated in Rule 25.2(a)(2). In such circumstances, no inquiry
into even possibly meritorious claims may be made.


Id.

 Likewise, here, appellant has no right of appeal, and we must dismiss the appeal
without examining the merits of the appeal. See id.

Conclusion

 We dismiss the appeal.

PER CURIAM

Panel consists of Justices Taft, Jennings, and Alcala.

Publish. See Tex. R. App. P. 47.2(b).