IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00227-CR

 

Leroy Robinson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 31880-CR

 



MEMORANDUM  Opinion



 

Leroy Robinson, pro se, appeals from his
plea-bargained felony conviction.  The Clerk of this Court warned Robinson that,
because the trial court noted on the certification of defendant’s right of
appeal that he had no right of appeal, and because Robinson had signed a waiver
of his right of appeal, the Court might dismiss the appeal unless, within 21
days, a response was filed showing grounds for continuing the appeal.  

Robinson asserts in his response that he pled
guilty because of ineffective assistance of counsel and that his plea was involuntary
because of his incompetence.  He further asserts that he did not voluntarily
waive his right to appeal because of his incompetence and because his appointed
attorney is blind and could not have read the waiver that Robinson signed.  We
nevertheless must dismiss the appeal because the trial court’s certification states
that Robinson has no right of appeal and Robinson has waived his right of
appeal.  See Tex. R. App. P.
25.2(d); Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); Davis v. State, 205 S.W.3d 606, 607 (Tex. App.—Waco 2006, no pet.) (“A court
of appeals, while having jurisdiction to ascertain whether an appellant who
plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a
prohibited appeal without further action, regardless of the basis for the
appeal.  Here, appellant had no right of appeal because he was sentenced
pursuant to the agreed terms of a plea bargain and did not satisfy either of
the exceptions stated in Rule 25.2(a)(2).  In such circumstances, no inquiry
into even possibly meritorious claims may be made.” (quoting Chavez, 183
S.W.3d at 680)).

The Clerk further warned Robinson that the Court
might dismiss his appeal because his notice of appeal was not timely filed unless,
within 21 days, a response was filed showing grounds for continuing the appeal. 
The date of the judgment of conviction is March 17, 2008.  Robinson’s notice of
appeal was filed on July 2, 2008 and was thus untimely.  See Tex. R. App. P. 26.2(a)(1) (providing
that notice of appeal must be filed within 30 days after date sentence imposed
or 30 days after entry of appealable order).  Robinson’s response therefore
requests an out-of-time appeal.  We lack jurisdiction to grant an out-of-time
appeal; that authority belongs exclusively to the Court of Criminal Appeals
through a writ of habeas corpus.[1]  See
Parr v. State, 206 S.W.3d 143, 144-45 (Tex. App.—Waco 2006, no pet.). 
Because Robinson’s notice of appeal is untimely, we lack jurisdiction and
dismiss his appeal.

 

PER CURIAM

 

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray joins only the final paragraph
of the opinion.  A separate opinion will not issue.  He notes, however, that
because the court properly determines the appeal must be dismissed for want of
jurisdiction because the notice of appeal was not timely filed, the remainder
of the opinion is dicta and he does not join it.)

Appeal
dismissed

Opinion delivered and
filed September 10, 2008

Do not publish

[CR25]









[1]               This court has jurisdiction
over criminal appeals only when expressly granted by law.  See Everett v. State, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.).  An
intermediate court of appeals has no jurisdiction over postconviction writs of
habeas corpus in felony cases.  See Ex parte Martinez, 175 S.W.3d
510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (citing Tex. Code Crim. Proc. Ann. art. 11.07(3)(a), (b)
(Vernon 2005)); Self v. State, 122 S.W.3d 294, 294-95 (Tex.
App.—Eastland 2003, no pet.) (same).  The Court of Criminal Appeals and lower
courts have recognized that “the exclusive post-conviction remedy in final
felony convictions in Texas courts is through a writ of habeas corpus pursuant
to [article] 11. 07.”  Olivo v. State, 918 S.W.2d 519, 525 n.8 (Tex.
Crim. App. 1996); see Ex parte Mendenhall, 209 S.W.3d 260, 261 (Tex.
App.—Waco 2006, no pet.).