

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00227-CR

**LEROY ROBINSON,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

---

**From the 13th District Court
Navarro County, Texas
Trial Court No. 31880-CR**

---

## MEMORANDUM OPINION

---

Leroy Robinson, pro se, appeals from his plea-bargained felony conviction. The Clerk of this Court warned Robinson that, because the trial court noted on the certification of defendant's right of appeal that he had no right of appeal, and because Robinson had signed a waiver of his right of appeal, the Court might dismiss the appeal unless, within 21 days, a response was filed showing grounds for continuing the appeal.

Robinson asserts in his response that he pled guilty because of ineffective assistance of counsel and that his plea was involuntary because of his incompetence.

He further asserts that he did not voluntarily waive his right to appeal because of his incompetence and because his appointed attorney is blind and could not have read the waiver that Robinson signed. We nevertheless must dismiss the appeal because the trial court's certification states that Robinson has no right of appeal and Robinson has waived his right of appeal. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State,* 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Davis v. State,* 205 S.W.3d 606, 607 (Tex. App.—Waco 2006, no pet.) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal. Here, appellant had no right of appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2). In such circumstances, no inquiry into even possibly meritorious claims may be made." (quoting *Chavez,* 183 S.W.3d at 680)).

The Clerk further warned Robinson that the Court might dismiss his appeal because his notice of appeal was not timely filed unless, within 21 days, a response was filed showing grounds for continuing the appeal. The date of the judgment of conviction is March 17, 2008. Robinson's notice of appeal was filed on July 2, 2008 and was thus untimely. *See* TEX. R. APP. P. 26.2(a)(1) (providing that notice of appeal must be filed within 30 days after date sentence imposed or 30 days after entry of appealable order). Robinson's response therefore requests an out-of-time appeal. We lack jurisdiction to grant an out-of-time appeal; that authority belongs exclusively to the

Court of Criminal Appeals through a writ of habeas corpus.[1]  *See Parr v. State*, 206

S.W.3d 143, 144-45 (Tex. App.—Waco 2006, no pet.).  Because Robinson's notice of

appeal is untimely, we lack jurisdiction and dismiss his appeal.

PER CURIAM

Before Chief Justice Gray,
     Justice Vance, and
     Justice Reyna
     (Chief Justice Gray joins only the final paragraph of the opinion.  A separate opinion will not issue.  He notes, however, that because the court properly determines the appeal must be dismissed for want of jurisdiction because the notice of appeal was not timely filed, the remainder of the opinion is dicta and he does not join it.)
Appeal dismissed
Opinion delivered and filed September 10, 2008
Do not publish
[CR25]

---

[1]    This court has jurisdiction over criminal appeals only when expressly granted by law.  *See Everett v. State,* 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.).  An intermediate court of appeals has no jurisdiction over postconviction writs of habeas corpus in felony cases.  *See Ex parte Martinez,* 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07(3)(a), (b) (Vernon 2005)); *Self v. State,* 122 S.W.3d 294, 294-95 (Tex. App.—Eastland 2003, no pet.) (same).  The Court of Criminal Appeals and lower courts have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to [article] 11. 07."  *Olivo v. State,* 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see Ex parte Mendenhall,* 209 S.W.3d 260, 261 (Tex. App.—Waco 2006, no pet.).