COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-09-011-CR

MAURICE RUDY LOPEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Maurice Rudy Lopez appeals his theft conviction.  We dismiss the appeal.

In November 2008, appellant pled guilty to theft of a firearm.
(footnote: 2)  In accordance with appellant’s plea bargain agreement with the State, the trial court sentenced him to 180 days’ confinement.  Appellant filed his pro se notice of appeal in December 2008.  The trial court signed a certification regarding appellant’s right to appeal in February 2009, indicating that because of appellant’s plea bargain, he had “NO right of appeal.”  
See 
Tex. R. App. P. 25.2(a)(2).  Appellant also signed the certification and acknowledged that he received a copy of it.

On February 3, 2009, we sent appellant a letter informing him that because of the trial court’s certification, unless he filed a document showing grounds to continue the appeal by February 13, 2009, the appeal could be dismissed.
(footnote: 3)  
See 
Tex. R. App. P. 44.3.  We have not received any such document.  Accordingly, we dismiss this appeal.  
See 
Tex. R. App. P. 25.2(a)(2), 43.2(f); 
Chavez v. State
, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); 
Richardson v. State
, 151 S.W.3d 710, 710 (Tex. App.—Fort Worth 2004, no pet.).

PER CURIAM 

PANEL:  LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  March 19, 2009 

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.

2:
Theft of a firearm is a state jail felony punishable by up to two years’ confinement.  
See 
Tex. Penal Code Ann. §§ 12.35(a), 31.03(e)(4)(C) (Vernon Supp. 2008).

3:
We also sent a copy of this letter to appellant’s trial counsel.