

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00096-CR

**PERRY MUREHEAD,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2012-894-C1

_____

## MEMORANDUM OPINION

_____

Perry Murehead has attempted to appeal from either the trial court's Order of Deferred Adjudication, signed and entered on November 19, 2012, or from the trial court's Order Amending Conditions of Deferred Adjudication, signed and entered on February 20, 2013. An appeal as to the initial order of deferred adjudication is untimely, and we have no jurisdiction of an appeal of that order. *See* TEX. R. APP. P. 26.2(a)(1). Additionally, we have no jurisdiction over an appeal of the order amending the conditions of deferred adjudication. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006), *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977).

Alternatively, the trial court noted on the certification of defendant's right of appeal from the order of deferred adjudication that the underlying criminal case is a plea-bargain case and that Murehead has no right of appeal. The trial court also noted on the certification that Murehead waived his right to appeal. Murehead has not provided the Court with a certificate of defendant's right of appeal as to the order amending the conditions of deferred adjudication presumably because that order is not an appealable order and therefore the trial court has not signed, and would not be required to sign, a certification in regard to that order. TEX. R. APP. P. 25.2(a)(2); 26.2(a).

This appeal is dismissed.[1] *See* TEX. R. APP. P. 26.2(a)(1); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (no jurisdiction where the notice of appeal is untimely). *See also* TEX. R. APP. P. 25.2(d); *Chavez v. State,* 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals . . . must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *Davis v. State,* 205 S.W.3d 606, 607 (Tex. App.—Waco 2006, no pet.).

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed
Opinion delivered and filed July 18, 2013
Do not publish
[CR25]

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. TEX. R. APP. P. 49.1. A petition for discretionary review must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. TEX. R. APP. P. 68.2(a).