

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00108-CR

**DAN DANIEL,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**


**From the 87th District Court
Freestone County, Texas
Trial Court No. 13-022-CR**


## MEMORANDUM  OPINION


On April 16, 2014, Dan Daniel filed a pro se notice of appeal of his conviction for

aggravated assault with a deadly weapon.  Daniel's imposition of sentence was on

October 29, 2013, and the judgment of conviction was signed the same day.  Daniel's

notice of appeal is untimely, and we have no jurisdiction of an untimely appeal.  *See*

TEX. R. APP. P. 26.2(a)(1); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (no

appellate jurisdiction where notice of appeal is untimely).

Daniel also signed a waiver of his right to appeal in this case, and the trial court's

certification of defendant's right to appeal in this case indicates that Daniel waived his right to appeal. This appeal is therefore dismissed.[1] *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals … must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *Davis v. State*, 205 S.W.3d 606, 607 (Tex. App.—Waco 2006, no pet.).

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Dismissed
Opinion delivered and filed April 24, 2014
Do not publish
[CR25]

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See* TEX. R. APP. P. 68.2(a).