

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00144-CR

**DAVID RAYMOND HENSLEY,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

### From the 220th District Court
### Bosque County, Texas
### Trial Court No. CR14961

## MEMORANDUM  OPINION

On April 17, 2015, Appellant David Raymond Hensley filed a pro se notice of appeal of his conviction for possession of a controlled substance (methamphetamine) in an amount of one gram or more but less than four grams. Hensley's imposition of sentence was on February 5, 2015, and the judgment of conviction was signed on February 12, 2015. Hensley's notice of appeal is untimely, and we have no jurisdiction of an untimely appeal. *See* TEX. R. APP. P. 26.2(a)(1); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (no appellate jurisdiction where notice of appeal is untimely).

The trial court's certification of defendant's right to appeal in this case also indicates that this "is a plea-bargain case, and the Defendant has NO right of appeal" and that Hensley "has waived the right of appeal." This appeal is therefore dismissed.[1] *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals … must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *Davis v. State,* 205 S.W.3d 606, 607 (Tex. App.—Waco 2006, no pet.).

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed May 7, 2015
Do not publish
[CRPM]



---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See* TEX. R. APP. P. 68.2(a).