

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00183-CR

**CARLTON BRANTNER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 87th District Court**
**Freestone County, Texas**
**Trial Court No. 15-001-CR**

## MEMORANDUM OPINION

Appellant Carlton Eugene Brantner's pro se notice of appeal was filed on May 21, 2015. The imposition of sentence was on January 22, 2015, and the plea-bargained judgment of conviction for continuous sexual abuse of a young child was signed the same day. Brantner's notice of appeal is untimely, and we have no jurisdiction of an untimely appeal. *See* TEX. R. APP. P. 26.2(a)(1); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (no appellate jurisdiction where notice of appeal is untimely).

Also, Brantner signed a waiver of his right to appeal, and the trial court's

certification of defendant's right to appeal in this case states that Brantner waived his right to appeal and that this is a plea-bargain case and Brantner has no right of appeal. This appeal is therefore dismissed.[1]  *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals … must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *Davis v. State*, 205 S.W.3d 606, 607 (Tex. App.—Waco 2006, no pet.).


                                                          REX D. DAVIS
                                                          Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed June 11, 2015
Do not publish
[CRPM]



---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. *See* TEX. R. APP. P. 49.1.  If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals.  *See* TEX. R. APP. P. 68.2(a).