

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00416-CR

**LUIS MIGUEL RODELA-DELGADO,**

                                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                            **Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2014-1751-C2**

## MEMORANDUM OPINION

On August 19, 2015, pursuant to a plea bargain, Luis Miguel Rodela-Delgado pleaded guilty to the state-jail felony offense of possession of a controlled substance, to-wit: cocaine, and the trial court deferred the adjudication of his guilt and placed him on community supervision for three years. On September 18, 2015, Rodela-Delgado filed a combined motion for new trial and motion to withdraw guilty plea. The new trial motion was overruled by operation of law. The motion to withdraw guilty plea has had no formal ruling.

The deadline for Rodela-Delgado to file his notice of appeal was November 17, 2015. An appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal (in this case, December 2, 2015), the party: (a) files in the trial court the notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3. Rodela-Delgado filed his notice of appeal in the trial court on December 1, 2015 and a motion for extension of time to file his notice of appeal in this Court on November 30, 2015. We therefore grant Rodela-Delgado's motion for extension of time to file his notice of appeal.

The trial court's certification of defendant's right of appeal in this case indicates, however, that Rodela-Delgado has waived his right to appeal and that this "is a plea-bargain case, and the defendant has NO right of appeal." This appeal is therefore dismissed.[1] *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals … must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *Davis v. State*, 205 S.W.3d 606, 607 (Tex. App.—Waco 2006, no pet.).

REX D. DAVIS
Justice

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See* TEX. R. APP. P. 68.2(a).

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Motion granted; appeal dismissed
Opinion delivered and filed December 10, 2015
Do not publish
[CR25]

