

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00237-CR

**ROBERT NEAL DENNIS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 249th District Court
Johnson County, Texas
Trial Court No. F49299**

## MEMORANDUM OPINION

The judgment dated March 30, 2016 and signed on March 31, 2016 in this case reflects that Appellant Robert Neal Dennis was convicted on a plea of guilty for the state-jail felony offense of conviction for possession of a controlled substance (less than one gram). The judgment further reflects that Dennis's guilty plea was part of a plea bargain in which Dennis is to serve fifteen months in state jail, with 445 days' credit, and the State is to abandon two enhancement paragraphs. Because of the 445 days' credit, it appears that the plea bargain amounted to Dennis's pretrial time served in

exchange for the State's dropping two enhancement paragraphs in the indictment. Also, as a part of the plea bargain, Dennis agreed to waive his right to appeal.

The judgment states that sentence was imposed on March 30, 2016. It then states that Dennis's punishment is fifteen *years* in state jail. Accompanying the judgment is the trial court's certification of defendant's right to appeal, which states that Dennis has waived the right of appeal and that this is a plea-bargain case and Dennis has no right of appeal.

A judgment nunc pro tunc was signed by the trial court on April 19, 2016; it corrected Dennis's punishment from fifteen *years* in state jail to fifteen *months* in state jail. The judgment nunc pro tunc has no other corrections; it still reflects a judgment of conviction on a plea of guilty for the state-jail felony offense of conviction for possession of a controlled substance (less than one gram) and that Dennis's guilty plea was part of a plea bargain in which Dennis is to serve fifteen months in state jail, with 445 days' credit, and the State is to abandon two enhancement paragraphs.

Dennis's pro se "motion to request an appeal" was filed in the trial court on July 20, 2016 and was transmitted to us by the trial-court clerk. A defendant's document that demonstrates a desire to appeal is sufficient to serve as a notice of appeal. *See Palma v. State,* 76 S.W.3d 638, 641-42 (Tex. App.—Corpus Christi 2002, pet. ref'd); *see also Pharris v. State,* 196 S.W.3d 369, 372 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Because Dennis's motion demonstrates a desire to appeal, it sufficiently serves as a notice of appeal.

Dennis's motion asserts that he had "submitted this motion on 5-1-16 and since no response was given, I'm sending this [motion] certified." Upon request, we then obtained from the trial-court clerk Dennis's pro se "motion to request an appeal" that was filed in the trial court on May 9, 2016. Except for the above-quoted sentence, the May 9 motion is virtually identical to Dennis's July 20 "motion to request an appeal." Therefore, it sufficiently serves as a notice of appeal.

The May 9, 2016 motion and the July 20, 2016 motion, each serving as a notice of appeal, are both untimely as to the March 31, 2016 judgment, and we have no jurisdiction of an untimely appeal. *See* TEX. R. APP. P. 26.2(a)(1); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (no appellate jurisdiction where notice of appeal is untimely). Moreover, regarding the March 31, 2016 judgment, the trial court's certification of defendant's right to appeal states that Dennis has waived the right of appeal and that this is a plea-bargain case and Dennis has no right of appeal. Because the appeal as to the March 31, 2016 judgment is untimely, Dennis waived his right to appeal, and Dennis has no right of appeal, it is therefore dismissed. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals … must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *Davis v. State*, 205 S.W.3d 606, 607 (Tex. App.—Waco 2006, no pet.).

A judgment nunc pro tunc is appealable. *Blanton v. State*, 369 S.W.3d 894, 904 (Tex. Crim. App. 2012). Regarding the April 19, 2016 judgment nunc pro tunc, Dennis's May 9, 2016 "motion to request an appeal" (*i.e.*, notice of appeal) is timely. *See id.*; TEX. R. APP. P. 26.2(a)(1). But, "the appeal of a judgment nunc pro tunc is limited to issues

related to the clerical errors addressed therein; it does not provide the appellant an opportunity to raise issues relating to the original conviction and sentence." *Barnett v. State,* No. 06-14-00149-CR, 2015 WL 5999663, at *2 (Tex. App.—Texarkana July 24, 2015, pet. ref'd) (mem. op., not designated for publication).

In his timely May 9 notice of appeal as to the April 19, 2016 judgment nunc pro tunc, Dennis does not (and would not) complain about the correction in punishment from fifteen *years* in state jail to fifteen *months* in state jail, which is the only complaint he could make about the judgment nunc pro tunc. *See id.* Instead, he complains about the following issues: unaggressive legal representation; Michael Morton Act violations; Fourth Amendment violations "by arresting peace officers"; "immunity violations by arresting peace officers on detainment"; "Miranda rights violations by peace officers"; and Fair Defense Act violations. Dennis may not raise these issues in his appeal of the judgment nunc pro tunc. *See id.* All of these issues relate to the original judgment; they are untimely, and we lack jurisdiction over them.

For the above reasons, this appeal is dismissed.[1]

REX D. DAVIS
Justice

---

[1] A motion for rehearing may be filed within 15 days after the judgment or order of this Court is rendered. *See* TEX. R. APP. P. 49.1. If the appellant desires to have the decision of this Court reviewed by filing a petition for discretionary review, that petition must be filed in the Court of Criminal Appeals within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals. *See* TEX. R. APP. P. 68.2(a).

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Dismissed
Opinion delivered and filed August 3, 2016
Do not publish
[CR25]

