**Thomas Nathan TERRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–06–00644–CR, 01–06–00675–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 19, 2007.

Roland Brice Moore III, Houston, for appellant.

Thomas Nathan Terrell, Amarillo, pro se.

William J. Delmore III, Asst. Dist. Atty., Houston, for appellee.

Panel consists of Justices TAFT, JENNINGS, and ALCALA.

## OPINION

PER CURIAM.

Appellant, Thomas Nathan Terrell, appeals from the trial court's judgment in trial court cause number 1007476, which is appellate cause number 01–06–00644–CR, convicting him for aggravated sexual assault. Appellant also appeals from the trial court's judgment in trial court cause

number 1007477, which is appellate cause number 01–06–00675–CR, convicting him for indecency with a child. Appellant pleaded guilty to these offenses, and, in accordance with plea agreements entered into with the State, the trial court sentenced him to 35 years in prison for aggravated sexual assault and 20 years in prison for indecency with a child. The trial court's certifications state that the cases are plea-bargain cases for which the defendant has no right of appeal. In each case, appellant filed a pro se notice of appeal. The trial court appointed appellate counsel for appellant. Appellant's counsel on appeal has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

### Certification of Right to Appeal

Effective January 2003, Texas Rule of Appellate Procedure 25.2(a)(2) requires that trial courts certify defendants' right of appeal. TEX.R.APP. P. 25.2(a); *Hargesheimer v. State*, 182 S.W.3d 906, 911 (Tex. Crim.App.2006). Rule 25.2(a)(2) states,

> A defendant in a criminal case has the right of appeal.... The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which a defendant's plea was guilty ... and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

TEX.R.APP. P. 25.2(a)(2). An appeal must be dismissed if no certification is made

part of the record. TEX.R.APP. P. 25.2(a)(2)(d).

■■■ An appellate court that has an appellate record is "obligated to review that record in ascertaining whether the certifications were defective." *Dears v. State*, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005). A certification is defective if it is correct in form but, "when compared with the record before the court, proves to be inaccurate." *Id.* at 614. When the record is incomplete, the appellate court should review "whatever record does exist that indicates that an appellant has the right to appeal." *Greenwell v. Court of Appeals for Thirteenth Judicial Dist.*, 159 S.W.3d 645, 649 (Tex.Crim.App.2005).

### Certification is Correct

■■■ Appellant pleaded guilty to the offenses under agreements with the State that he receive certain punishments. After the trial court sentenced appellant to punishments that fell within the terms of the plea agreements, the trial court certified that these are plea-bargain cases and the defendant has no right of appeal. No written pretrial motions were ruled on by the trial court, nor did the trial court give its permission for appellant to appeal. We conclude that the certifications of the right of appeal filed by the trial court are supported by the record and that appellant has no right of appeal due to the agreed plea bargains. TEX.R.APP. P. 25.2(a). Accordingly, we must dismiss the appeal "without further action." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex.Crim.App.2006).

### Advance Notice of Intent to Dismiss

In similar circumstances, some intermediate courts of appeal have given appellants advance notice of their intent to dismiss the appeals. *See Davis v. State*, 205 S.W.3d 606, 607 (Tex.App.-Waco 2006, no pet.) (dismissing appeal after defendant

had opportunity to show grounds for appeal but defendant failed to do so); *Richardson v. State*, 151 S.W.3d 710 (Tex.App.-Fort Worth 2004, no pet.) (same); *Stowe v. State*, 124 S.W.3d 228, 232 (Tex.App.-El Paso 2003, no pet.) (holding that court of appeals had authority to notify defendant of intent to dismiss appeal to allow reasonable opportunity to correct certification error).

■ Generally, the Rules of Appellate Procedure provide that appellate courts should allow reasonable time to correct or amend "formal defects or irregularities in appellate procedure" before dismissing an appeal. *See* Tex.R.App. P. 44.3; *Harris v. State*, 137 S.W.3d 829, 830 (Tex.App.-Waco 2004, no pet.). The rules also require appellate courts to direct trial courts to correct any "erroneous action" committed by the trial courts that prevents the proper presentation of a case to the court of appeals. Tex.R.App. P. 44.4. Here, Rules 44.3 and 44.4 are inapplicable because the record reveals no erroneous action by the trial court and no "formal defects or irregularities in appellate procedure." *See* Tex. R.App. P. 44. 3, 44, 4; *cf. Few v. State*, 230 S.W.3d 184, 190 (Tex.Crim.App.2007) (requiring advance notice to defendant of intent to dismiss appeal due to clerical error in defendant's notice of appeal); *Estrada v. State*, 149 S.W.3d 280, 282 (Tex.App.-Houston [1st Dist.] 2004, pet. ref'd) (stating, when record showed certification was defective, "[W]e issued an order notifying the parties that the appeal would be dismissed unless an amended certification, reflecting that appellant had the right of appeal, was made part of the appellate record....").

There is no defect to correct because the certification conforms to the record and the trial court opted against giving appellant permission to appeal. *See* Tex.R.App. P. 44.3; 25.2(a)(2)(B). In *Chavez*, the Court of Criminal Appeals explained that, "a court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez*, 183 S.W.3d at 680; *see also Greenwell*, 159 S.W.3d at 649 (explaining purpose of certification requirements is to resolve cases that have no right of appeal quickly without the expense of appointing appellate counsel, preparing reporter's record or preparing appellate brief).

### The *Anders* Brief

■ We have determined that the record shows that appellant has no right of appeal. However, the trial court appointed appellate counsel, who has filed an *Anders* brief in this appeal. The *Anders* brief raises a possible argument regarding voluntariness, but concludes that the argument is without merit. Other than jurisdictional claims in the *Anders* brief, we may not address the merits of any claims asserted by appellant, once we determine that appellant has no right of appeal. *See Chavez*, 183 S.W.3d at 680.

In *Chavez*, the trial court certified that the cases were plea-bargained cases and that Chavez had no right of appeal. *Id.* The trial court, however, appointed appellate counsel, who, on appeal, filed an *Anders* brief, which stated that after having diligently searched the record and researched the law, Chavez's appeals were, in his professional opinion, without merit and frivolous. *Id.* at 676. The intermediate court of appeals dismissed Chavez's appeal, but only after it reviewed the *Anders* brief and Chavez's pro se brief in which he contended that he was coerced into waiving his constitutional rights to have a trial by jury. *Id.* at 676–77. The Court of Criminal Appeals held that the

intermediate court properly dismissed the case but erred by considering the merits of the appeal. *Id.* at 680. The Court of Criminal Appeals stated,

> Here, appellant had no right of appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2). In such circumstances, no inquiry into even possibly meritorious claims may be made.

*Id.*

Likewise, here, appellant has no right of appeal, and we must dismiss the appeal without examining the merits of the appeal. *See id.*

### Conclusion

We dismiss the appeal.