Opinion issued May 6, 2010



















In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00130-CR
____________

ROBERT CHACON, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 1143832
 

 
 
MEMORANDUM OPINION
          Appellant, Robert Chacon, with an agreed punishment recommendation from
the State, pleaded guilty to the offense of aggravated sexual assault of a child.


 In
accordance with the plea agreement, the trial court sentenced appellant to
confinement for ten years.  
          Appellant’s counsel on appeal has filed a brief stating that the record presents
no reversible error and that the appeal is without merit and is frivolous. See Anders
v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).


 The brief also reflects
that counsel delivered a copy of the brief to appellant and advised appellant of his
right to file a pro se response. See Stafford v. State, 813 S.W.2d 503, 510–11 (Tex.
Crim. App. 1991). Appellant has filed a pro se response, contending that he was
“coerced” by the State and his trial counsel and that the complainant, who was his
child, “was being coached” to make the accusations against him. 
          Generally, when this Court receives an Anders brief from a defendant’s court-appointed appellate counsel, we conduct a review of the entire record to determine
whether the appeal is frivolous, i.e., whether it presents any arguable grounds for
appeal. See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Stafford, 813 S.W.2d at 511. 
An appeal is frivolous when it does not present any argument that could “conceivably
persuade the court.” In re Schulman, 252 S.W.3d 403, 407 n.12 (Tex. Crim. App.
2008) (citations omitted). In our Anders review, we consider appellant’s pro se
response, if any, to his counsel’s Anders brief. See Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App. 2005).  
          Here, however, we do not undertake our normal Anders analysis. Appellant
and his trial counsel signed a waiver of constitutional rights, an agreement to stipulate
to evidence, and a judicial confession providing, among other things, that appellant
pleaded guilty to the charged offense in exchange for the State’s punishment
recommendation of ten years confinement. Appellant also waived his right to appeal
upon the trial court accepting the plea agreement. The trial court, after determining
that appellant entered the plea knowingly and voluntarily and that appellant’s trial
counsel was competent, accepted the plea agreement. The trial court admonished
appellant, and appellant and appellant’s trial counsel signed the admonishments. The
trial court entered judgment in accordance with the plea agreement and stated in its
judgment, “Appeal Waived. No Permission to Appeal Granted.” 
          After the trial court sentenced appellant in accordance with the plea agreement,
the trial court certified that this case “is a plea-bargain case, and the defendant has
NO right of appeal.” Nevertheless, appellant subsequently filed a pro se notice of
appeal, and the trial court appointed appellant’s appellate counsel, who has filed the
above-described Anders brief, in which she notes that the trial court has correctly
certified that appellant has no right to appeal.
          We conclude that the trial court’s certification that this case is a plea bargain
case and that appellant has no right of appeal is supported by the record and is
correct. Tex. R. App. P. 25.2(a)(2). Because appellant has no right of appeal, we
must dismiss this appeal “without further action.” Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006) (“A court of appeals, while having jurisdiction to
ascertain whether an appellant who plea-bargained is permitted to appeal by Rule
25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the
basis for the appeal. Here, appellant had no right of appeal because he was sentenced
pursuant to the agreed terms of a plea bargain and did not satisfy either of the
exceptions stated in Rule 25.2(a)(2). In such circumstances, no inquiry into even
possibly meritorious claims may be made.”); see also Terrell v. State, 245 S.W.3d
602, 606 (Tex. App.—Houston [1st Dist.] 2007, no pet.).
 
 
 
 
 
Conclusion
          We dismiss the appeal. We grant appellate counsel’s motion to withdraw.


 See
Stephens v. State, 35 S.W.3d 770, 771–72 (Tex. App.—Houston [1st Dist.] 2000, no
pet.) (per curiam).




                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. Tex. R. App. P. 47.2(b).