Opinion issued May 27, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00899-CR

———————————

Jose Damian Jacobo-Salas, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 230th District Court

Harris County, Texas



Trial Court Case No. 1195635

 



MEMORANDUM OPINION

In exchange
for appellant Jose Jacobo-Salas’s plea of guilty to felony possession of a
controlled substance with intent to deliver, namely, more than 400 grams of
cocaine, and using and exhibiting a deadly weapon during the commission that
offense, the State agreed to a sentencing cap of twenty-five years’ confinement
and a maximum fine of $10,000.  See Tex.
Health & Safety Code Ann. § 481.112(a), (e) (Vernon Supp. 2009).
 In accordance with the plea bargain, the
trial court assessed punishment at the agreed maximum.  On appeal, Jacobo-Salas contends that the
trial court erred in failing to conduct a hearing on his motion for new
trial.  According to the record, however,
Jacobo-Salas waived his right to appeal, and the trial court did not grant him
a right to appeal.  We therefore dismiss
for lack of jurisdiction.

Background

In connection with his guilty plea,
Jacobo-Salas acknowledged in writing that the trial court specifically advised
him:

if you pled guilty or no contest and accepted
the punishment recommended by the prosecutor . . . you cannot appeal his
conviction unless this Court gives you permission.  If you waived or gave up your right to
appeal, you cannot appeal your conviction.

Following his sentencing, Jacobo-Salas moved for new
trial, contending that ineffective assistance of counsel rendered his plea
involuntary.  The record shows that trial
court set the motion for new trial for hearing on April 21, 2009, and later
reset the motion for hearing on May 4, 2009. 
The record, however, does not include a request to reset the hearing, an
order resetting the hearing, a reporter’s record of a hearing, or an order on
the motion.  

Discussion

According to Texas Rule of
Appellate Procedure 25.2(a)(2),

A defendant in a criminal
case has the right of appeal. . . .  The trial court shall enter a certification
of the defendant’s right of appeal in every case in which it enters a judgment
of guilt or other appealable order.  In a
plea bargain case—that is, a case in which a defendant’s plea was guilty . . .
and the punishment did not exceed the punishment recommended by the prosecutor
and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were
raised by written motion filed and ruled on before trial, or

(B) after getting the trial
court’s permission to appeal.

Tex. R. App. P. 25.2(a)(2).
 Unless the trial court gives its
permission for the appeal of an agreed plea-bargain case that has no pretrial
motions, we have no option but to dismiss it.  Menjivar
v. State, 264 S.W.3d 137, 141 (Tex. App.—Houston [1st Dist.] 2007, no
pet.).  We must dismiss the appeal
“without further action, regardless of the basis for the appeal” if the trial
court’s certification shows there is no right to appeal.  Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); Terrell v. State, 245 S.W.3d 602, 604–605 (Tex. App.—Houston [1st
Dist.] 2007, no pet).

The Texas Court of Criminal Appeals
has held that agreement to a punishment cap, such as Jacobo-Salas’s agreement,
is a plea bargain requiring application of Rule 25.2.  See
Chavez, 183 S.W.3d at 680; Shankle v.
State, 119 S.W.3d 808, 813–14 (Tex. Crim. App. App. 2003).  The trial court certified that “this criminal
case . . . is a plea-bargain case, and the defendant has NO right of appeal.”  The record shows that Jacobo-Salas received
the necessary admonishments about the consequences of his plea, including the
waiver of his right to appeal. 
Jacobo-Salas initialed each admonishment and signed the admonishments
form.  As a result, we have no
jurisdiction over his appeal.[1]  See
Tex. R. App. P. 25.2(a)(2).

Conclusion

As reflected in the trial court’s
certification, Jacobo-Salas waived his right to appeal when he accepted the
State’s offer to cap his maximum punishment in exchange for his guilty plea.  We therefore dismiss the appeal for want of
jurisdiction.

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Jennings, Hanks, and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]  Jacobo-Salas
may still submit his ineffective assistance of counsel claims for review on the
merits in an application for writ of habeas corpus.  Bone v.
State, 77 S.W.3d 828, 837 n.30 (Tex. Crim. App. 2002); Thompson v. State, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999).