Opinion
issued March 23, 2011.

 

 



 

In The

Court of Appeals

For The

First District of Texas

 



 

NO. 01-10-00825-CR

NO. 01-10-00826-CR

 



 

PILAR OSCAR PARRAS,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On Appeal from the 176th
District Court

 Harris County, Texas

Trial Court Cause Nos.
1251355 and 1251356 

 



 

MEMORANDUM
OPINION ON REHEARING








            Appellant was charged, in two
separate causes, with the felony offense of aggravated sexual assault of a
child under 14 years of age.  On August
24, 2010, appellant pleaded guilty with an agreed recommendation from the State
regarding punishment of confinement for 35 years.  In accordance with the agreement, the trial
court assessed punishment at confinement for 35 years in each case, to run
concurrently.  The trial court certified
that this is a plea-bargain case and that there is no right to appeal. 

            On September 20, 2010, appellant
filed a pro se motion to withdraw his plea, contending that he was on
medication and thought that he was signing for the purchase of a house when he
signed the plea papers.  The trial court
did not rule on the motion.  Appellant
timely filed a pro se notice of appeal. On November 4, 2010, we dismissed the
appeal for want of jurisdiction on the basis that the trial court certified
that appellant did not have a right to appeal. 

            On November 19, 2010, appellant
timely filed a motion for rehearing.  See Tex.
R. App. P. 49.1.  On December 20,
2010, appellant filed a “Request for Leave of Court to File this First
Amended/Supplemental Motion for Rehearing and to Abate the Appeal to File an
Out of Time Motion for New Trial.” Appellant filed his new motion for rehearing
and motion to abate with his request for leave.

          We
grant appellant’s motion to supplement his motion for rehearing, grant the
motion for rehearing, withdraw our opinion and judgment dated November 4, 2010,
and issue this opinion and judgment in their stead.  The disposition of the case remains
unchanged.

          The trial court’s certification that
appellant has no right of appeal is supported by the record.  Appellant is not attempting to appeal any
pre-trial motions, and the trial court has not granted permission to appeal.  Hence, we lack jurisdiction to hear
appellant’s appeal, and we must dismiss. 
See Tex. R. App. P. 25.2(d) (providing that appeal must be
dismissed if certification showing that defendant has right of appeal has not
been made part of record); Chavez v.
State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (stating that appeal must
be dismissed “without further action, regardless of the basis for the appeal”
if the trial court’s certification shows there is no right to appeal); Terrell v. State, 245 S.W.3d 602, 604–05
(Tex. App.—Houston [1st Dist.] 2007, no pet). 

Appellant contends on rehearing that we should take jurisdiction over
this case based on his motion to withdraw his plea, in which he contended that
his plea was involuntary because was on medication and thought he was signing
for the purchase of a house.  Appellant
requests that we abate the appeal in order to supplement his motion and
suggests that he was without counsel at a critical stage of the proceedings.  

          Appellant
cannot, however, raise the voluntariness of his plea or a claim of ineffective
assistance of counsel on direct appeal, absent the trial court’s
permission.  See Cooper v. State, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001)
(holding that voluntariness of guilty plea may not be raised on appeal from
plea-bargained felony conviction); Estrada
v. State, 149 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d) (concluding that claim of ineffective assistance of counsel may not be
raised in appeal from plea-bargained case, unless authorized by trial court).
Accordingly, appellant’s arguments on rehearing fail to establish that this
Court has jurisdiction over the appeal.[1]

Conclusion

            We dismiss this appeal for lack of
jurisdiction. We grant the motion to supplement the motion for rehearing.  We dismiss any other pending
motions as moot.

 

 

Jane Bland

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish.   Tex. R. App. P. 47.2(b).











[1]          Appellant
may complain that his plea was involuntary because of his medication in an
application for writ of habeas corpus.
See Bone v. State, 77 S.W.3d 828, 837 n.30 (Tex. Crim. App. 2002); Thompson v. State, 9 S.W.3d 808, 814–15
(Tex. Crim. App. 1999); see e.g., Ex parte Powell, No. WR-70976-01, 2008
WL 5181705, at *2 (Tex. Crim. App. Dec. 10, 2008) (holding petition for habeas
relief in abeyance until trial court resolved fact issues concerning whether
applicant’s plea was involuntary because he was schizophrenic and was taking
medication, which impeded his understanding of court proceedings when he
entered his plea, and that counsel failed to adequately investigate his mental
competency).