ACCEPTED
01-15-00150-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/24/2015 9:53:53 AM
CHRISTOPHER PRINE
CLERK

## Nos. 01-15-00149-CR, 01-15-00150-CR, 01-15-00151-CR

In the
Court of Appeals
For the
First District of Texas
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

4/24/2015 9:53:53 AM

CHRISTOPHER A. PRINE
Clerk

———◆———

## Nos. 1974171, 1974172, 2001637

In the County Criminal Court at Law No. 4
Of Harris County, Texas

———◆———

**JAMES E. GUZMAN,** *pro se*
*Appellant*
V.
**THE STATE OF TEXAS**
*Appellee*

———◆———

## STATE'S MOTION TO DISMISS FOR WANT OF JURISDICTION

———◆———

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

THE STATE OF TEXAS, represented by the undersigned Assistant District Attorney, moves this Court to dismiss this appeal for want of jurisdiction because appellant was convicted pursuant to pleas of guilty and was sentenced in accordance with a plea bargain agreed upon between himself and the State for each case. Additionally, the trial court certified appellant did not have the right to appeal, denied appellant permission to appeal, and no written pre-trial motions

were filed and ruled upon by the trial court before appellant's guilty pleas. In support thereof, the State respectfully submits the following.

## STATEMENT OF THE CASE

Appellant was charged by information in three cases with misdemeanor assault. (C.R. I at 7; C.R. II at 7; C.R. III at 6)[1]  In two cases, the information was enhanced with a prior conviction for felony assault-family member. (C.R. I at 7; C.R. II at 7)  In his third assault case, the information was enhanced with a prior conviction for misdemeanor assault. (C.R. III at 6)

Appellant pled guilty to all three cases on January 5, 2015, pursuant to a plea bargain agreement reached between himself and the State. (C.R. I at 10-11; C.R. II at 10-11; C.R. III at 10-11)  Appellant was sentenced to 120 days in the Harris County Jail with credit for eight days served. (C.R. I at 16; C.R. II at 16; C.R. III at 15)  The sentences were to run concurrently and matched the plea bargain agreement reached between appellant and the State. (C.R. I at 16-17; C.R. II at 16-17; C.R. III at 15-16; *see* C.R. I at 10; C.R. II at 10; C.R. III at 10)  Upon his pleas of guilty, the trial court certified that each case was a "plea-bargain case, and [appellant] has NO right of appeal," signed by appellant in each case. (C.R. I at 19; C.R. II at 19; C.R. III at 18)

---

[1] C.R. I refers to the Clerk's Record for cause number 1971471 (No. 01-15-00149-CR);
C.R. II refers to the Clerk's Record for cause number 1974172 (No. 01-15-00150-CR);
C.R. III refers to the Clerk's Record for cause number 2001637 (No. 01-15-00151-CR).

As part of his pleas of guilty, appellant signed a waiver of appeal along with documentation stating he was satisfied with the evidence disclosed to his counsel and withdrawing any requests for further discovery. (C.R. I at 10-14; C.R. II at 10-14; C.R. III at 10-14) The record contains no written motions filed and ruled upon by the trial court prior to appellant's pleas.

Appellant timely filed a *pro se* notice of appeal, however the trial court certified appellant had no right to appeal in any of his cases. (C.R. I at 19, 22; C.R. II at 19, 22; C.R. III at 18, 21; *see* C.R. I at 17, 23; C.R. II at 17, 23; C.R. III at 16, 22) At a hearing held on February 5, 2015, appellant affirmed he signed waivers of appeal and understood the trial judge's admonishment that the pleas were final "and there was no appeal." (R.R. I at 5, 9; R.R. II at 5, 9; R.R. III at 5, 9)[2] The trial court denied appellant permission to appeal. (R.R. I at 8; R.R. II at 8; R.R. III at 8) On February 15, 2015, appellant filed a Pro Se Motion to Reverse and Remand "to dismissal due to insufficient evidence" that was denied by the trial court. (C.R. I at 24; C.R. II at 24; C.R. III at 23)

### APPELLANT FAILED TO INVOKE THIS COURT'S JURISDICTION OVER HIS APPEALS

In his brief, appellant argues that he is innocent of the offenses charged. (Appellant's Brief at 1) Appellant states in his brief that the complainants in the

---

[2] R.R. I refers to the Reporter's Record for cause number 1971471 (No. 01-15-00149-CR); R.R. II refers to the Reporter's Record for cause number 1971472 (No. 01-15-00150-CR); R.R. III refers to the Reporter's Record for cause number 2001637 (No . 01-15-00151-CR).

assault cases "are also incarcerated for family violence," and that trial counsel was ineffective for failing to disclose the complainants "had intensive family violence cases pending and warrants." (Appellant's Brief at 1) Appellant argues that he "was never the assaulter" and that the "outcome of trial would've been different had the arrest records of [the complainants] been made aware to the Court by the ineffective assistance of trial counsel." (Appellant's Brief at 2)

Because appellant's sentences did not exceed the agreed-upon punishment range of his plea bargain, the trial court certified appellant had no right to appeal, no matters were raised by written motion and ruled upon before his pleas, and the trial court did not grant appellant permission to appeal his convictions, appellant has not fulfilled the requirements to invoke this Court's jurisdiction over his appeal. Therefore, appellant's appeal must be dismissed for want of jurisdiction.

Texas Rule of Appellate Procedure 25.2(a)(2) provides:

> [i]n a plea bargain case. . . in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal.

This requirement to invoke appellate jurisdiction complies with Texas Code of Criminal Procedure art. 44.02, which states a defendant

> who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court,

4

upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

The Court of Criminal Appeals has also stated that appellate courts, "while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal . . . must dismiss a prohibited appeal without further action, regardless of the basis for the appeal." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006). The *Chavez* Court held, in those cases where an appellant was sentenced "pursuant to the agreed terms of a plea bargain," did not file any pre-trial written motion ruled upon before trial, and did not receive permission from the trial court to appeal, an appellate court must dismiss the appeal and "no inquiry into even possibly meritorious claims may be made." *Id; see Ekwere v. State*, No. 01-15-00131-CR, 2015 WL 1735492 at *1 (Tex. App.—Houston [1st Dist.] April 14, 2015, no pet. h.) (mem. op., not designated for publication) (dismissing defendant's *pro se* appeal where defendant pled guilty to felony theft, was sentenced in accordance with a plea bargain agreement with the State, and the trial court's certification that appellant did not have the right to appeal was supported by the record).

The Court of Criminal Appeals has also held TEX. R. APP. P. 25.2 does "not impermissibly abridge the right to appeal," as the right to appeal is "guaranteed only by statute and [ ] the legislature did not expressly or even impliedly make an exception for appeals of jurisdictional issues that fall outside of the statutory exceptions. . . ." *Griffin v. State*, 145 S.W.3d 645, 649 (Tex. Crim. App. 2004).

While appellate courts must determine whether certifications of an appellant's right to appeal are defective, where a trial court's certification that an appellant has no right to appeal is supported by the record, and a plea-bargaining appellant cannot satisfy any statutory exception to invoke an appellate court's jurisdiction to hear an appeal, the appellate court must dismiss the appeal for want of jurisdiction. *See Terrell v. State*, 245 S.W.3d 602, 604 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (finding defendant's appeal "must" be dismissed where defendant pled guilty and received punishment within the terms of defendant's plea agreement with the State, the trial court certified defendant had no right to appeal, no pre-trial written motions were ruled upon, the trial court did not give permission to appeal, and the certifications of defendant's right to appeal were supported by the record).

Here, appellant was convicted and sentenced pursuant to a plea bargain agreement reached between himself and the State. (C.R. I at 10-11, 16-17; C.R. II at 10-11, 16-17; C.R. III at 10-11, 15-16; *see* C.R. I at 27; C.R. II at 27; C.R. III at

6

26) No pre-trial motions were filed by appellant or his attorney and ruled upon before his pleas. Appellant received notice of the effect his agreed-upon pleas would have regarding subsequent attempts to appeal, both in writing and by trial court admonishment. (*See* C.R. I at 10; C.R. II at 10; C.R. III at 10; R.R. I at 5, 9; R.R. II at 5, 9; R.R. III at 5, 9) Appellant waived his right to appeal and the trial court certified that appellant did not have the right to appeal, as his convictions were the result of a plea bargain agreement. (C.R. I at 10, 19; C.R. II at 10, 19; C.R. III at 10, 18)

Additionally, the trial court's certifications are supported by the record. Appellant agreed that he pled guilty to the offenses and received the same sentence as that listed in the plea agreement documentation. (R.R I at 4-5; R.R. II at 4-5; R.R. III at 4-5) Appellant recalled the trial court's admonishment, upon his guilty pleas, regarding his waiver of the right to appeal. (R.R. I at 5, 9; R.R. II at 5, 9; R.R. III at 5, 9) Appellant's signature is also on the plea bargain documentation, including the waiver of appeal and the trial court's certification that appellant had no right to appeal, in each case. (C.R. I at 10, 19; C.R. II at 10, 19; C.R. III at 10, 18) Finally, the trial court denied appellant permission to appeal his convictions. (R.R. I at 8; R.R. II at 8; R.R. III at 8)

7

Therefore, because appellant failed to satisfy the requirements to invoke this Court's jurisdiction over these cases, appellant's appeal in the abovementioned cause numbers should be dismissed for want of jurisdiction.

## PRAYER FOR RELIEF

WHEREFORE, the State respectfully requests this Court dismiss the appeals for want of jurisdiction.

Respectfully submitted,

/s/ Patricia McLean
**PATRICIA MCLEAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002
(713) 755-5826
TBC No. 24081687

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument will be mailed to appellant at the following addresses:

James E. Guzman, pro se
TDC# 01023457; SPN 01125709
Texas Department of Criminal Justice
Joe F. Gurney Transfer Facility
1385 FM 3328
Palestine, TX 75803

James E. Guzman, pro se
TDC# 01023457; SPN 01125709
Texas Department of Criminal Justice
P.O. Box 99
Huntsville, TX 77342-0099

**PATRICIA MCLEAN**
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas  77002
(713) 755-5826
TBC No. 24081687

Date:  April 24, 2015