**Opinion issued August 18, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-15-01065-CR**

**NO. 01-15-01066-CR**

**NO. 01-15-01067-CR**

———————————

**CARLOS RENARD HENRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1400600, 1417781, 1418788**

---

## MEMORANDUM OPINION

In three separate cases, appellant, Carlos Renard Henry, pleaded guilty to the offenses of burglary of a habitation (trial court cause no. 1400600), theft (trial court cause no. 1417781), and burglary of a motor vehicle (trial court cause no. 1418788).

In each case, the trial court found appellant guilty and, in accordance with the terms of appellant's plea bargain agreements with the State, sentenced appellant to six years' imprisonment for each offense with the sentences to run concurrently. Appellant, acting *pro se*, filed notices of appeal in each case and the trial court appointed appellate counsel. We dismiss the appeals.

In the appeals of appellant's convictions for burglary of a habitation (appellate cause no. 01-15-01065-CR) and theft (appellate cause no. 01-15-01066-CR), appellant's appointed counsel has filed a motion to withdraw and an *Anders* brief stating that the record presents no reversible error and that the appeals are frivolous. *See Anders v. California* 386 U.S. 738, 87 S.Ct 1396, 18 L.Ed.2d 493 (1967). In the appeal of appellant's conviction for burglary of a motor vehicle (appellate cause no. 01-15-01067-CR), appellant's counsel has filed a brief arguing that the trial court erred by failing to substantially comply with Article 26.13 of the Texas Code of Criminal Procedure because it incorrectly admonished appellant that the range of punishment for the offense was 2 to 20 years' incarceration rather than 2 to 10 years' incarceration. *See* TEX. CODE CRIM. PROC ANN. art. 26.13(a)(1) (West Supp. 2015) (requiring court to admonish defendant of range of punishment for offense before accepting guilty plea).[1]

---

[1] Appellant was indicted for and pled guilty to the offense of burglary of a motor vehicle with two prior convictions for burglary of a motor vehicle and additional enhancement paragraphs of two prior state jail felony convictions. Burglary of a motor vehicle with two

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2); *Terrell v. State*, 245 S.W.3d 602, 604 (Tex. App.—Houston [1st Dist.] 2007, no pet.). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d). Here, the trial court certified that all three of these cases are plea-bargain cases for which the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The judgments in each case further note that appeals were waived and no permission to appeal has been granted.

We hold that the trial court's certifications that these cases are plea bargain cases and that the appellant has no right of appeal are supported by the record. *See* TEX. R. APP. P. 25.2(a)(2). Moreover, although the trial court's admonishment incorrectly stated that the range of punishment for appellant's offense of burglary of a motor vehicle was 2 to 20 years' incarceration rather than 2 to 10 years' incarceration, appellant's sentence of six years' incarceration lies within both the actual and misstated maximum. As a result, the trial court's admonishment was in

---

prior convictions for the offense is a state jail felony. TEX. PENAL CODE. ANN. §30.04(d)(2)(A) (West 2011). Punishment upon conviction of a state felony offense is elevated to a third degree felony if the defendant has been previously convicted of two state jail felony offenses. TEX. PENAL CODE ANN. §12.425(a) (West Supp. 2015). The punishment range for a third degree felony is not more than 10 years' or less than 2 years' incarceration. TEX. PEN. CODE ANN. §12.34(a) (West 2011).

substantial compliance with TEX. CODE CRIM. PROC. art. 26.13. *See Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (holding that trial court's admonishments substantially complied with requirements where appellant was "improperly admonished that he faced a punishment range of life or two to ten years . . . [and] ultimately received a ten year sentence, which is well short of life and lies squarely within both the actual and misstated range.") (citing *Robinson v. State*, 739 S.W.2d 795 (Tex. Crim. App. 1987)).

Because appellant has no right of appeal, we must dismiss these appeals. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."). Accordingly, we dismiss these appeals for want of jurisdiction. We grant counsel's motions to withdraw and dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).