**Opinion issued January 26, 2021**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-19-00871-CR

## NO. 01-19-00872-CR

———————————————

**ENAEL GONZALEZ-LEYVA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 461st District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 86923-CR, 87547-CR**

## MEMORANDUM OPINION

Appellant, Enael Gonzalez-Leyva, pleaded guilty, with an agreed punishment

recommendation from the State, to one count of the third-degree felony offense of

possession of a prohibited substance in a correctional facility and two counts of the

third-degree felony offense of harassment by persons in certain facilities.[1] The trial court accepted appellant's guilty plea; followed the plea bargain agreement reached by appellant and the State; and assessed appellant's punishment at five years confinement for the possession offense and five years confinement for the harassment offense, to run concurrently. In the certification of defendant's right to appeal, the trial court certified that these cases are plea bargain cases, appellant has no right to appeal, and appellant has waived the right of appeal.

We dismiss the appeals for want of jurisdiction.

## Background

In 2018, appellant was serving a sentence for aggravated robbery in the Clemens Unit in Brazoria County. A grand jury indicted him for the third-degree felony offense of possession of a prohibited substance in a correctional facility. The indictment alleged that on or about July 11, 2018, appellant intentionally or knowingly possessed a controlled substance, 5-fluoro ADB, while in a secure correctional facility, the Clemens Unit. The grand jury also indicted him for two counts of the third-degree felony offense of harassment by persons in certain

---

[1] *See* TEX. PENAL CODE ANN. § 38.11(d)(1) (possession of prohibited substance in correctional facility), § 22.11(a)(1) (harassment by persons in certain facilities). The offense for possession of a prohibited substance in a correctional facility was tried in trial court cause number 86923-CR and resulted in appellate cause number 01-19-00871-CR. The offense for harassment by a person in a correctional facility was tried in trial court cause number 87547-CR and resulted in appellate cause number 01-19-00872-CR.

facilities, alleging that on or about May 20, 2018, appellant, while imprisoned in the Clemens Unit, and with the intent to assault, harass, or alarm, caused A. Onyedim and O. Nzeribe to contact appellant's saliva.

Appellant and the State reached a plea agreement. Appellant agreed to plead guilty to each of the charged offenses, and the State agreed to recommend that appellant's punishment be five years confinement for each offense, to run concurrently, and to begin after appellant finished serving the sentence imposed for his prior aggravated robbery offense. The plea agreement also stated, "Defendant hereby waives appeal on guilt/innocence and punishment." The plea agreement was signed by appellant, defense counsel, and the prosecutor.

For each offense, appellant also signed a document containing written admonishments, waivers, and a judicial confession. This document stated:

> Where your plea of guilty or nolo contendere (no contest) is voluntarily and understandingly entered with a plea bargain agreement and the punishment assessed does not exceed the agreement between you and the prosecutor, the Court must give permission before you can appeal on any matter in the case except for those matters raised by written motion filed and ruled on prior to trial.

In this document, appellant waived numerous rights, including his right to a jury trial and his right to an appeal. Appellant confessed to committing each element of both of the charged offenses alleged in the indictments, and he stipulated "that the facts contained in the indictment or information are true and correct and constitute the

3

evidence in this case." This document was signed by appellant, defense counsel, the prosecutor, and the trial court.

The trial court held separate plea hearings for the charged offenses. At each hearing, appellant stated that he had reached a plea agreement with the State concerning the charged offense. The State informed the trial court of the agreement it had reached with appellant concerning punishment, and appellant confirmed. Appellant pleaded guilty to both of the charged offenses. The trial court accepted appellant's guilty pleas. The trial court assessed appellant's punishment in accordance with the plea bargain agreement between appellant and the State: the trial court assessed punishment at five years confinement for each of the charged offenses, to run concurrently, and to begin after appellant finished serving his aggravated robbery sentence.

The trial court completed a certification of defendant's right of appeal for each offense. The trial court certified that the case "is a plea bargain case, and the defendant has NO right to appeal" and that "the defendant has waived the right of appeal." Appointed defense counsel filed a notice of appeal in each case on appellant's behalf.[2] Counsel subsequently filed, in this Court, a motion to withdraw

---

[2]    *See Garza v. Idaho*, 139 S. Ct. 738, 744, 746 (2019) (noting, in ineffective assistance of counsel case, that defendant has "ultimate authority" to decide whether to appeal and holding that courts presume prejudice when counsel's deficient performance deprives defendant of appeal that he otherwise would have taken "even when the defendant has signed an appeal waiver").

and an *Anders* brief stating that there are no meritorious issues and appellant's appeals are wholly frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014).

**Discussion**

Texas Rule of Appellate Procedure 25.2 requires the trial court to certify a criminal defendant's right of appeal. Tex. R. App. P. 25.2(a)(2), (d); *Jones v. State*, 488 S.W.3d 801, 804 (Tex. Crim. App. 2016); *Terrell v. State*, 245 S.W.3d 602, 604 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (per curiam). Rule 25.2(a)(2) states:

> A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)   those matters that were raised by written motion filed and ruled on before trial,
> >
> > (B)   after getting the trial court's permission to appeal, or
> >
> > (C)   where the specific appeal is expressly authorized by statute.

Tex. R. App. P. 25.2(a)(2). A certification that is contrary to the record before the appellate court is defective. *Jones*, 488 S.W.3d at 804–05. An appellate court has an obligation to review the appellate record to determine if the certification is contrary to the record and is therefore defective. *Id.* at 805; *Terrell*, 245 S.W.3d at 604 ("An

appellate court that has an appellate record is 'obligated to review that record in ascertaining whether the certifications were defective.'") (quoting *Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005)).

An appellate court has jurisdiction to determine whether an appellant who entered into a plea bargain is permitted to appeal under Rule 25.2(a)(2), but if the appeal is not permitted under that rule, the appellate court must "dismiss [the] prohibited appeal without further action, regardless of the basis for the appeal." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006); *Terrell*, 245 S.W.3d at 604. If an appeal does not fall within the limited circumstances stated in Rule 25.2(a)(2) in which a plea-bargaining appellant may appeal a judgment of conviction, the appellant has no right of appeal, and "no inquiry into even possibly meritorious claims may be made." *Chavez*, 183 S.W.3d at 680; *Terrell*, 245 S.W.3d at 605–06 (dismissing appeal in which appointed counsel filed *Anders* brief because defendant entered into plea bargains, defendant had no right to appeal under Rule 25.2(a)(2), and court was required to dismiss appeal without examining merits of appeal).

Appellant pleaded guilty to both charged offenses pursuant to an agreement with the State that he receive certain punishments, namely, five years confinement for each offense, to run concurrently. The plea paperwork also included statements that appellant waived his right to appeal both the guilt/innocence and punishment

phases. The trial court accepted appellant's guilty plea and assessed punishment in accordance with the terms of the plea agreement. The trial court did not rule on any written pretrial motions, it did not give its permission to appeal any matters, and no statute expressly authorizes these specific appeals. The trial court certified that these cases are plea bargain cases, that appellant does not have the right to appeal, and that appellant waived his right to appeal. The trial court's certification is supported by the appellate record. We therefore conclude that appellant does not have the right to appeal under Rule 25.2(a)(2). *See* TEX. R. APP. P. 25.2(a)(2). Accordingly, we dismiss the appeals. *See Chavez*, 183 S.W.3d at 680; *Terrell*, 245 S.W.3d at 606.

## Conclusion

We grant counsel's motions to withdraw and dismiss appellant's appeals for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Hightower, Countiss, and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

7