Opinion issued March 2, 2023



In The

# Court of Appeals

For The

## First District of Texas

————————————

## NO. 01-22-00601-CR

————————————

### JASMINE MARIE ARTEAGA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

On Appeal from the 338th District Court
Harris County, Texas
Trial Court Case Nos. 1708893

---

### MEMORANDUM OPINION

After appellant, Jasmine Marie Arteaga, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of possession of a controlled substance, namely, methamphetamine, weighing more than four

grams but less than 200 grams,[1] the trial court deferred adjudication of her guilt and placed her on community supervision for four years. Appellant timely filed a notice of appeal.

We dismiss the appeal for lack of jurisdiction.[2]

## Background

On April 9, 2021, a Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about January 30, 2021, "unlawfully, intentionally and knowingly possess[ed] a controlled substance, namely, [m]ethamphetamine, weighing more than 4 grams and less than 200 grams by aggregate weight."

Appellant, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of possession of a controlled substance, namely, methamphetamine, weighing more than four grams but less than 200 grams. In connection with her plea agreement, appellant signed a "Waiver of Constitutional

---

[1]     *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d).

[2]     Appellant's appointed appellate counsel filed an *Anders* brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). However, our review of the record reflects that we lack jurisdiction over the appeal. *See, e.g.*, *Williams v. State*, No. 01-20-00173-CR, 2022 WL 52635, at *1–2 (Tex. App.—Houston [1st Dist.] Jan. 6, 2022, no pet.) (mem. op., not designated for publication) (dismissing appeal in which appointed appellate counsel filed *Anders* brief because this Court lacked jurisdiction); *Terrell v. State*, 245 S.W.3d 602, 605–06 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (dismissing appeal in which appointed appellate counsel filed *Anders* brief because defendant entered into plea-bargain agreement, defendant had no right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2), and Court was required to dismiss appeal without examining merits of appeal).

Rights, Agreement to Stipulate, and Judicial Confession," in which she pleaded guilty to the felony offense of possession of a controlled substance and admitted that she committed the acts alleged in the indictment. Appellant's appointed counsel also signed the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," affirming that he believed appellant had entered her guilty plea knowingly, voluntarily, and after a full discussion of the consequences of the plea. Appellant's appointed counsel also affirmed that he believed appellant was competent to stand trial.

The "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" also included the following waiver of appellant's right to appeal:

> In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements[] of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him. I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at 4 year[s] [deferred adjudication] . . . and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain between myself and the prosecutor.

Appellant also signed written admonishments, informing her that she had been indicted for the felony offense of possession of a controlled substance and of the punishment ranges for that offense. Appellant further acknowledged that she understood that "[i]f the punishment assessed by the court does not exceed the

punishment recommended by the prosecutor and agreed to by [appellant] and [her] attorney, the court must give its permission to [appellant] before [she] may prosecute an appeal on any matter in this case except for those matters raised by [appellant] by written motion filed prior to trial." The written admonishments also included a "Statements and Waivers of Defendant," affirming that she was mentally competent, she understood the nature of the charges against her, the trial court's admonishments, and the consequences of her pleas, and she freely and voluntarily pleaded guilty.

Moreover, appellant represented that she had consulted with her trial counsel about her plea; she "waive[d] and g[a]ve up any time provided [appellant] by law to prepare for trial"; she was "totally satisfied with the representation provided by [her] counsel and [she had] received effective and competent representation"; she "waive[d] and g[a]ve up [her] right to a jury in th[e] case and [her] right to require the appearance, confrontation and cross[-]examination of the witnesses"; and she "confess[ed] and admit[ted] that [she] committed each and every allegation contained" in the indictment. Appellant requested that the trial court accept her guilty plea.

Finally, appellant signed a document titled, "Advice of Defendant's Right of Appeal," explaining that because appellant "pled guilty . . . and accepted the punishment recommended by the prosecutor, [appellant could not] appeal [her]

4

conviction unless the [trial court gave her] permission." Further, appellant acknowledged that she "waived or gave up [the] right to appeal, [and she could not] appeal [her] conviction."

The trial court found sufficient evidence of appellant's guilt and that she had entered her guilty plea freely, knowingly, and voluntarily. The trial court admonished appellant of her legal rights and accepted her plea of guilty to the alleged offense. On July 28, 2022, the trial court entered an Order of Deferred Adjudication, deferring adjudication of appellant's guilt and, in accordance with the agreement between appellant and the State, placing her on community supervision for four years. The trial court's Order of Deferred Adjudication acknowledges that a plea agreement had been reached between the State and appellant.

Also on July 28, 2022, the trial court entered its "Certification of [Appellant's] Right of Appeal, which states that this "[i]s a plea bargain case, and the [appellant] has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2), (d). The trial court's certification is included in the appellate record and is signed by appellant and her counsel. *See id.* The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

On August 17, 2022, appellant filed a pro se notice of appeal. In her notice of appeal, appellant included a handwritten note stating that her "plea was involuntary," and that her "lawyer didn't explain to [her] the consequences of [her]

5

plea." She goes on to state that her counsel "told [her] if [she pleaded] no contest [her] case would be thrown out." On August 31, 2022, appellant's court-appointed trial counsel filed a motion to withdraw as appellant's counsel. The trial court granted the motion to withdraw and appointed counsel to represent appellant on appeal.

**Jurisdiction**

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted). Criminal defendants have a statutory right to appeal their conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). However, when a trial court enters a judgment of guilt, it must certify whether the defendant has a right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Texas Rule of Appellate Procedure 25.2(a) states that:

> In a plea bargain case–that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant–a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

An appeal must be dismissed if a certification showing that a defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d);

*Dears*, 154 S.W.3d at 613. Here, the record is clear that appellant pleaded guilty to the alleged offense and the punishment did not exceed the punishment recommended by the State. Accordingly, appellant could only appeal those matters raised by written motion filed and ruled on before trial, with the permission of the trial court, or where she was authorized to appeal by statute. *See* TEX. R. APP. P. 25.2(a)(2). The record does not reflect that appellant's appeal meets any of these requirements. Thus, appellant may not appeal her conviction for the felony offense possession of a controlled substance.

We note that, in her notice of appeal, filed pro se, appellant challenges the voluntariness of her guilty plea, stating that her "plea was involuntary," and that her "lawyer didn't explain to [her] the consequences of [her] plea." She further stated that her trial counsel "told [her] if [she pleaded] no contest [her] case would be thrown out."[3] However, the Texas Court of Criminal Appeals has concluded that Rule 25.2 "does not permit the voluntariness of the plea to be raised on appeal." *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001) (dismissing appeal for lack of jurisdiction where appellant entered plea-bargain agreement with State but later filed notice of appeal challenging voluntariness of plea); *see also Lenox v. State*,

---

[3] We also note that, while appellant's notice of appeal references that her trial counsel advised her that if she pleaded "no contest," the "case would be thrown out," the record reflects that appellant did not plead "no contest," and instead entered a plea of guilty.

7

56 S.W.3d 660, 664–65 n.2 (Tex. App.—Texarkana 2001, pet. ref'd) (concluding court was "without jurisdiction to consider the voluntariness of [appellant's] plea"). Instead, "meritorious claims of involuntary pleas may be raised by other procedures: motion[s] for new trial and [post-conviction] habeas corpus." *Cooper*, 45 S.W.3d at 82 ("These procedures are not only adequate to resolve claims of involuntary pleas, but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record.").

Because appellant has no right of appeal, we must dismiss her appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Fairley v. State*, Nos. 01-20-00824-CR, 01-20-00825-CR, 2022 WL 210457, at *1–3 (Tex. App.—Houston [1st Dist.] Jan. 25, 2022, no pet.) (mem. op., not designated for publication).

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.
Do not publish. TEX. R. APP. P. 47.2(b).