

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00246-CR

---

ROGER DALE STEMBRIDGE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 31st District Court
Wheeler County, Texas
Trial Court No. 5716, Honorable Steven R. Emmert, Presiding

---

August 17, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

On June 29, 2023, Appellant, Roger Dale Stembridge, filed a notice of appeal, pro se, from the trial court's interlocutory order permitting his appointed counsel to withdraw and appointing new counsel. By letter of July 24, 2023, we notified Appellant that we did not have jurisdiction over the interlocutory appeal and directed him to show grounds for continuing the appeal by August 3. *See Abbott v. State*, 271 S.W.3d 694, 697–98 (Tex. Crim. App. 2008) (explaining that appellate courts have jurisdiction in a criminal case to consider an appeal from a judgment of guilt or where jurisdiction has been expressly

granted by law); *Webb v. State*, No. 13-13-00075-CR, 2013 Tex. App. LEXIS 5082, at *3 (Tex. App.—Corpus Christi Apr. 25, 2013, no pet.) (per curiam) (mem. op., not designated for publication) (finding no interlocutory appeal from an order permitting counsel to withdraw). Appellant did not respond to our inquiry.

We have since been notified that on August 9, 2023, Appellant was convicted of driving while intoxicated[1] and sentenced to six years' confinement pursuant to a plea bargain agreement. The trial court issued a certification of Appellant's right of appeal reflecting that this is a plea bargain case from which Appellant has no right of appeal. The certification comports with the record before the Court.

Because we are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record," we dismiss the appeal based on the trial court's certification. *See* TEX. R. APP. P. 25.2(d); *Terrell v. State*, 245 S.W.3d 602, 604-605 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that the appellate court need not afford advance notice of its intent to dismiss when the trial court certification reflects appellant has no right to appeal).

The appeal is dismissed.

Per Curiam

Do not publish.

---

[1] *See* TEX. PENAL CODE ANN. § 49.09(b).

2