

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00050-CR

_____

MSUGH TSUUNG, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 5
Tarrant County, Texas
Trial Court No. 1839382

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

Following a jury's verdict that Appellant Msugh Tsuung was guilty of "assault causing bodily injury" family violence, *see* Tex. Penal Code Ann. § 22.01(a)(1), he entered into a punishment agreement with the State. In exchange for Tsuung's waiving his right of appeal, the State agreed to recommend that his punishment be assessed at "Probation - 365D/24M." The trial court accepted the punishment agreement, assessed Tsuung's punishment at 365 days in the Tarrant County Jail, ordered the sentence of confinement suspended, and placed him on community supervision for 24 months. Tsuung then signed the trial court's certification of his right of appeal, which stated that "the defendant has waived the right of appeal." *See* Tex. R. App. P. 25.2(a)(2).

Despite having waived his right of appeal, Tsuung filed a pro se notice of appeal. Because he has no right of appeal, we will dismiss the appeal. But because there are clerical errors on the face of the trial court's judgment, we will modify the judgment to accurately reflect that the trial court—not the jury—assessed Tsuung's punishment.

## II. WAIVER OF APPEAL

Although a defendant has a statutory right to appeal his conviction, a defendant may waive his right of appeal in all but capital cases. *Carson v. State*, 559 S.W.3d 489, 492–93 (Tex. Crim. App. 2018); *see* Tex. Code Crim. Proc. Ann. art. 44.02. A valid

2

waiver of appeal prevents a defendant from appealing without the trial court's permission. *See Carson*, 559 S.W.3d at 492–93; *Ex parte Broadway*, 301 S.W.3d 694, 697–99 (Tex. Crim. App. 2009); *see also Williams v. State*, No. 01-19-00293-CR, 2019 WL 4677361, at *1 (Tex. App.—Houston [1st Dist.] Sept. 26, 2019, no pet.) (mem. op., not designated for publication).

On February 19, 2025, we reminded Tsuung of the trial court's certification—on which both he and the trial court acknowledged that he had waived his right of appeal—and warned him that we may dismiss the appeal unless we received a response by March 3, 2025, showing grounds for continuing the appeal. *See* Tex. R. App. P. 25.2(a)(2), (d), 44.3.

Although the clerk's record created an ambiguity regarding whether Tsuung's punishment agreement was followed—and thus whether Tsuung had actually waived his right of appeal—when we abated the appeal for clarification, the trial court made a written finding "that the judgment is incorrect because the [trial court] assessed Tsuung's punishment in accordance with the signed plea paperwork appearing in the clerk's record."

Thus, the record shows that Tsuung agreed to waive his right of appeal in exchange for consideration from the State—a recommended probated sentence.[1]

---

[1]After Tsuung filed his pro se notice of appeal, the trial court appointed appellate counsel. His appellate counsel filed a brief stating that the record presents no reversible error and that the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). However, our review of the record reflects that

3

*Williams*, 2019 WL 4677361, at *1. The punishment agreement memorialized that Tsuung had "wavie[d] all rights of appeal in this case." The trial court's certification—which Tsuung signed—likewise confirmed that "the defendant has waived the right of appeal." Tsuung's waiver covered all matters, and the trial court did not give him permission to appeal. *See Bruner v. State*, No. 01-18-00635-CR, 2018 WL 4131088, at *2 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op., not designated for publication).

Because Tsuung has no right of appeal, we must dismiss his appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant . . . is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Hubatch v. State*, No. 02-22-00153-CR, 2022 WL 4105417, at *1 (Tex. App.—Fort Worth Sept. 8, 2022, no pet.) (mem. op., not designated for publication).

## III. MODIFICATION OF THE JUDGMENT

However, without reaching the merits of his appeal, we note that the trial court's judgment inaccurately reflects that the jury assessed Tsuung's punishment.

---

we must dismiss the appeal. *See, e.g.*, *Terrell v. State*, 245 S.W.3d 602, 605–06 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (dismissing appeal in which appointed appellate counsel filed *Anders* brief because defendant entered into plea-bargain agreement, defendant had no right of appeal under Texas Rule of Appellate Procedure 25.2(a)(2), and court was required to dismiss appeal without examining merits of appeal).

4

We have the power to correct and reform a clerical error in the trial court's judgment to make the record speak the truth when we have the necessary data and information to do so. *See Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see also* Tex. R. App. P. 43.2(b). This is true no matter who, or if anyone, has called the matter to the attention of the trial court. *See Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet ref'd) ("The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court."). Here, the State has requested this court to correct the judgment, and we have the necessary information to do so. *See Nolan*, 39 S.W.3d at 698.

As we discussed above, the record reflects that the trial court—not the jury—assessed Tsuung's punishment. However, two sections of the trial court's written judgment of conviction do not accurately comport with the record.

On the first page of the judgment, under the section titled, "Punishment Assessed by:," it incorrectly states that the jury assessed punishment. On the second page of the judgment, under the section titled, "Punishment Assessed by Jury / Court / No Election (select one):," the trial court erroneously marked "☒ Jury" instead of "☐ Court."

Accordingly, we modify the first page of the judgment—under the section, "Punishment Assessed by:"—to delete "Jury" and instead to state "Judge." *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). We also modify the second page of the judgment—under the section titled, "Punishment Assessed by Jury / Court / No Election (select one):"—to unmark the box "☒ Jury" and instead to mark the box "☐ Court." *See* Tex. R. App. P. 43.2(b).

## IV. CONCLUSION

We dismiss the appeal in accordance with the trial court's certification and modify the judgment to accurately reflect that the trial court assessed Tsuung's punishment. *See* Tex. R. App. P. 25.2(d), 43.2(f); *see also Moore v. State*, No. 01-09-00722-CR, 2010 WL 3220656, at *1–2 (Tex. App.—Houston [1st Dist.] Aug. 12, 2010, no pet.) (mem. op., not designated for publication) (modifying trial court judgment to correct mistake regarding punishment recommendation and dismissing appeal for lack of jurisdiction where appellant waived right of appeal).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 11, 2025